# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

Circuit Mediation Office
Phone (415) 355-7900 Fax (415) 355-8566
http://www.ca9.uscourts.gov/mediation

## MEDIATION QUESTIONNAIRE

The purpose of this questionnaire is to help the court's mediators provide the best possible mediation service in this case; it serves no other function. Responses to this questionnaire are *not* confidential. Appellants/Petitioners must electronically file this document within 7 days of the docketing of the case. 9th Cir. R. 3-4 and 15-2. Appellees/Respondents may file the questionnaire, but are not required to do so.

| | |
|---|---|
| 9th Circuit Case Number(s): | 16-17361 |
| District Court/Agency Case Number(s): | 2:16-cv-02413-GMS |
| District Court/Agency Location: | U.S. District Court Arizona, Division One |
| Case Name: | Advocates for Individuals with Disabilities  v.  Golden Rule Properties, LLC |
| If District Court, docket entry number(s) of order(s) appealed from: | Doc. 28, Doc. 32, and Doc. 40 |
| Name of party/parties submitting this form: | Plaintiff-Appellant |

Please briefly describe the dispute that gave rise to this lawsuit.

Plaintiff filed suit seeking declaratory judgment, injunctive relief, attorneys' fees and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §§12101 et. seq., and its implementing regulations after obtaining personal knowledge that Defendant's public accommodation discriminated against Plaintiff's members on the basis of their disability. Plaintiff Advocates for Individuals with Disabilities Foundation, Inc. brought the Action on behalf of its member(s), including Plaintiff David Ritzenthaler, invoking associational and organizational standing.

Briefly describe the result below and the main issues on appeal.

The main issues on appeal are: (1) Does personal knowledge of a barrier at a public accommodation instill the requisite Article III standing on an individual with a disability?; (2) Did the court err in imposing sanctions pursuant to U.S.C section 1927? (3) Did the court err in awarding Defendant its removal fees pursuant to 28 U.S.C section 1447(c)?; and (4) whether the court erred by retaining jurisdiction to impose sanctions after concluding it no longer possessed subject matter jurisdiction under section 1447(c)?

Describe any proceedings remaining below or any related proceedings in other tribunals.

There are no proceeding remaining in the Arizona Federal District Court. The Action was remanded back to the Arizona Superior Court.

Provide any other thoughts you would like to bring to the attention of the mediator.

Any party may provide additional information *in confidence* directly to the Circuit Mediation Office at ca09_mediation@ca9.uscourts.gov. Please provide the case name and Ninth Circuit case number in your message. Additional information might include interest in including this case in the mediation program, the case's settlement history, issues beyond the litigation that the parties might address in a settlement context, or future events that might affect the parties' willingness or ability to mediate the case.

**CERTIFICATION OF COUNSEL**

I certify that:

☐ a current service list with telephone and fax numbers and email addresses is attached (see 9th Circuit Rule 3-2).

☒ I understand that failure to provide the Court with a completed form and service list may result in sanctions, including dismissal of the appeal.

Signature | s/ Peter Strojnik

("s/" plus attorney name may be used in lieu of a manual signature on electronically-filed documents.)

Counsel for | Advocates for Individuals with Disabilities Foundation, Inc.

**Note:** Use of the Appellate ECF system is mandatory for all attorneys filing in this Court, unless they are granted an exemption from using the system. **File this document electronically** in Appellate ECF by choosing Forms/Notices/Disclosure > File a Mediation Questionnaire.